1 | Henry L. Sanchez (SBN 176878)
sanchezh@jacksonlewis.com
2 | Michael A. Wertheim (SBN 291228)
Michael.wertheim@jacksonelewis.com
3 | JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
4 | Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
5 | Facsimile:  (213) 689-0430

6 | Attorneys for Defendant
BIOGEN INC. (also erroneously sued and served as BIOGEN IDEC)
7 |

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | SARA ROODBARI,                         ) Case No.:
                                         )
12 |            Plaintiff,                ) **DEFENDANT BIOGEN INC.'S**
                                         ) **REMOVAL OF ACTION TO THE**
13 |    vs.                              ) **UNITED STATES DFISTRICT**
                                         ) **COURT FOR THE CENTRAL**
14 | BIOGEN IDEC; BIOGEN INC., and       ) **DISTRICT OF CALIFORNIA**
DOES 1 through 50, inclusive,           ) **PURSUANT TO 28 U.S.C. §§ 1332,**
15 |                                      ) **1441(a) AND (b) (DIVERSITY)**
            Defendants.                  )
16 |                                      ) [Filed concurrently with Declaration of
                                         ) Catey Wilman, Certification of Interested
17 |                                      ) Parties and Civil Case Cover Sheet]
                                         )
18 |                                      ) Complaint filed:  December 9, 2016
                                         )
19 |                                      )

20 |

21 | TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR

22 | THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF SARA ROODBARI AND

23 | HER ATTORNEYS OF RECORD:

24 |    PLEASE TAKE NOTICE that Defendant Biogen Inc. ("Defendant") hereby

25 | invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and

26 | 1441(b) and removes the above-entitled action to this Court from the Superior Court of

27 | the State of California in and for the County of Santa Barbara.

28 |

## **BACKGROUND**

1.      On December 9, 2016, Plaintiff Sara Roodbari ("Plaintiff") filed an unverified civil complaint against Defendant Biogen Inc. and Biogen IDEC in the Superior Court of the State of California in and for the County of San Diego entitled *Sara Roodbari vs. Biogen IDEC; Biogen INC., and DOES 1 through 50, inclusive*, Case No. 37-2016-00043263-CU-OE-CTL which sets forth the following four causes of action:   (1) Wrongful Termination in Violation of Public Policy; (2) Employment Discrimination in Violation of FEHA California Government Code sections 12940 *et seq.*; (3) Failure to Accommodate in Violation of FEHA California Government Code sections 12940 *et seq.*; and (4) Intentional Infliction of Emotional Distress ("Complaint").

2.      Defendant Biogen Inc. was first served with Plaintiff's Summons, Complaint, Motion for Change of Venue, Notice of Order Re: Change of Venue, Notice Re: Transferred Action, Notice of Errata Re: Complaint, and related court documents on July 31, 2017.   A copy of these documents received by Defendant Biogen Inc. are attached hereto as Exhibit A.   The Complaint did not specify the amount of damages sought or provide any information regarding the amount in controversy.

3.      Defendant Biogen IDEC was first served with Plaintiff's Summons, Complaint, Motion for Change of Venue, Notice of Order Re: Change of Venue, Notice Re: Transferred Action, Notice of Errata Re: Complaint, and related court documents on July 31, 2017.   A copy of these documents received by Defendant Biogen IDEC are attached hereto as Exhibit B.   The Complaint did not specify the amount of damages sought or provide any information regarding the amount in controversy.

4.      On August 21, 2017, Plaintiff served on Defendants an Order and Notice of Case Assignment; Notice of Case Management Conference.   A copy of this Order is attached hereto as Exhibit C.

5.      The Complaint, Summons, Motion for Change of Venue, Notice of Order Re: Change of Venue, Notice Re: Transferred Action, Notice of Errata Re: Complaint

| CASE NO.: | 2 | DEFENDANT'S REMOVAL OF ACTION TO THE USDC FOR THE CENTRAL DISTRICT OF CALIFORNIA |

1   and related case documents, and the Order of Notice of Case Assignment in Exhibits A,

2   B, and C are the only pleadings served upon Defendants to date in this action.

3        6.    On August 28, 2017, Defendants filed and served their Answer in the

4   Superior Court of the State of California, County of Santa Barbara.  A true and correct

5   conformed copy of Defendants' Answer is attached hereto as Exhibit D.

6        7.    Exhibits A, B, C and D hereto constitute all the pleadings that have been

7   filed in this action as of the date of the filing of this Notice of Removal, to Defendants'

8   knowledge.

9        8.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies

10   that a copy of this Notice of Removal and all supporting papers will be served on

11   Plaintiff's counsel and filed with the Clerk of the Santa Barbara County Superior Court.

12   Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

13        9.    Venue of this action lies in the United States District Court for the Central

14   District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is

15   the judicial district in which the action arose and where Plaintiff resides.

16                     **DIVERSITY JURISDICTION**

17        10.    Diversity jurisdiction exists where there is diversity of citizenship between

18   the parties at the time the lawsuit is filed.  (*See, Grupo Dataflux v. Atlas Global Group,*

19   *LP* (2004) 541 U.S. 567, 571.)

20        11.    Defendants are informed and believe that Plaintiff was, at the time this

21   action was commenced, and still is, a resident and citizen of the State of California.  (See

22   Complaint ¶¶ 1 & 3; Declaration of Catey Wilman, ¶ 3, attached hereto.)

23        12.    A corporation is a citizen of any state where it is incorporated and of the

24   state where it has its principal place of business.  28 U.S.C. § 1332(c).  With respect to

25   ascertaining a corporation's principal place of business for purposes of diversity

26   jurisdiction, the United States Supreme Court has adopted the "nerve center test." (*Hertz*

27   *v. Friend* (2010) 130 S. Ct. 1181.)  Under the nerve center test, a corporation's principal

28

| CASE NO.: | 3 | **DEFENDANT'S REMOVAL OF ACTION TO THE USDC**<br>**FOR THE CENTRAL DISTRICT OF CALIFORNIA** |

place of business is where a corporation's high level officers direct, control and coordinate the corporation's activities. (*Id.*)

13.   Defendant Biogen Inc. was, at the time of filing of the Complaint, and still is, a corporation incorporated under the laws of the State of Delaware and maintains its principal place of business in the Commonwealth of Massachusetts. Defendant is headquartered in Cambridge, Massachusetts.  The Commonwealth of Massachusetts is where all of Defendant's primary executive, administrative, financial, and management functions are conducted and where all corporate officers direct, control, and coordinate Defendant's activities. No corporate officer of Defendant works outside of the Commonwealth of Massachusetts.   Moreover, Defendant's primary operations are handled in the Commonwealth of Massachusetts and outside the State of California.

14.   Defendant Biogen IDEC is no longer a recognized entity.  Effective March 23, 2015, Biogen IDEC became Biogen Inc. in name and function.  Prior to that time, Biogen IDEC was a corporation incorporated under the laws of the State of Delaware, maintained its principal place of business in the Commonwealth of Massachusetts and was headquartered in Cambridge, Massachusetts.  The Commonwealth of Massachusetts was where all of Defendant's primary executive, administrative, financial, and management functions were conducted and where all corporate officers directed, controlled, and coordinated Defendant's activities. No corporate officer of Defendant worked outside of the Commonwealth of Massachusetts.  Moreover, Defendant's primary operations were handled in the Commonwealth of Massachusetts and outside the State of California.

15.   The only other defendants named in Plaintiff's Complaint merely are fictitious parties identified as "DOES 1 through 50," whose citizenship must be disregarded for the purpose of removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be

disregarded."). Thus, there are no other defendants to join in the removal of this action to this Court.

## AMOUNT IN CONTROVERSY

16. Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000.00. (28 U.S.C. §1332(a).) Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 860-61. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, for the reasons discussed below.

17. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, *citing Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, *citing Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

18. The amount in controversy may include general and special compensatory damages and attorney's fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia* (1998) 142 F.3d 1150, 1155-56 and *Goldberg v. CPC Int'l, Inc.* (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and

the relief sought and take judicial notice of attorney's fee awards in similar cases. *See e.g., Simmons v. PCR Technology* (2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. See *Galt G/S*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035. At a conservative rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees using rate of $250 per hour). Indeed, Plaintiff's attorneys' fees alone will exceed $75,000 if the case proceeds to trial.

19.     During the relevant time period, Plaintiff's annual salary was $105,062.88. (Wilman Decl. ¶ 4.) According to Plaintiff, she was last employed by Defendants in December 2014. (See Complaint ¶ 10.) Therefore, Plaintiff's back pay alone will exceed $75,000 if Plaintiff prevails at trial.

20.     Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (1963) 325 F.2d 785, 787. *See also Aucina v. Amoco Oil Co.*(1994) 871 F. Supp. 332, 334. According to the Complaint, Plaintiff seeks punitive damages. (See Complaint ¶¶ 18, 26, 34, 38, and Prayer for Relief, Exhibits A & B.)

21.     Taken together, Plaintiff's potential recovery for lost wages, emotional distress damages, punitive damages and attorney's fees satisfy the jurisdictional prerequisite for establishing the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial. Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

## TIMELINESS OF REMOVAL

22.   This Notice of Removal has been filed within thirty (30) days after Defendants first received a copy of Plaintiff's Summons and Complaint upon which this action is based.   This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

WHEREFORE, Defendants, through Defendant Biogen Inc., remove the above-entitled action now pending in the Superior Court of the State of California for the County of Santa Barbara to this Court.

DATED:   August 29, 2017                   JACKSON LEWIS P.C.


                                        By:   /s/Henry L. Sanchez
                                              Henry L. Sanchez
                                              Michael A. Wertheim

                                              Attorneys for Defendant
                                              BIOGEN INC. (also erroneously sued and served
                                              as BIOGEN IDEC)

4830-6317-6270, v. 1

| CASE NO.: | 7 | DEFENDANT'S REMOVAL OF ACTION TO THE USDC FOR THE CENTRAL DISTRICT OF CALIFORNIA |

Exhibit A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:   330 West Broadway
MAILING ADDRESS:   330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:   Central
TELEPHONE NUMBER: (619) 450-7275

PLAINTIFF(S) / PETITIONER(S):   Sara Roodbari

DEFENDANT(S) / RESPONDENT(S):   Biogen Idec et.al.

SARA ROODBARI VS BIOGEN IDEC [IMAGED]

| NOTICE OF CASE TRANSMITTAL AND NOTICE OF RECEIPT OF TRANSFERRED CASE (CCP 399) | CASE NUMBER: 37-2016-00043263-CU-OE-CTL |
|---|---|

Notice is hereby given that the above entitled case was:

[X] Transferred on 6/21/2017 to SANTA BARBARA _____

[ ] Received and filed on _____ after transfer from _____

New case number: _____

Mail to:   SUPERIOR COURT OF CALIFORNIA
   COUNTY OF SANTA BARBARA
   CIVIL DIVISION
   1100 ANACAPA ST.
   SANTA BARBARA, CA 93101

**CLERK OF THE SUPERIOR COURT**

Date: 06/21/2017

_B. Schnetzel_
B. Schnetzel
_____, Deputy

SUPCT CIV-736 (Rev. 8-08)   **NCT - NOTICE OF CASE TRANSMITTAL AND RECEIPT**   Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Sara Roodbari vs Biogen Idec [IMAGED]

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2016-00043263-CU-OE-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF CASE TRANSMITTAL AND NOTICE OF RECEIPT OF TRANSFERRED CASE (CCP 399) was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 06/22/2017.

Clerk of the Court, by: _____ B. Schmelzel _____ , Deputy

HARRY W HARRISON
11455 EL CAMINO REAL # 480
HARRISON & BODELL, LLP
SAN DIEGO, CA 92130

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**                                    Page: 2

# SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SAN DIEGO

HALL OF JUSTICE

TENTATIVE RULINGS - May 18, 2017

EVENT DATE: 05/19/2017      EVENT TIME:   10:30:00 AM      DEPT.: C-61

JUDICIAL OFFICER:John S. Meyer

CASE NO.:   37-2016-00043263-CU-OE-CTL

CASE TITLE: SARA ROODBARI VS BIOGEN IDEC [IMAGED]

CASE CATEGORY: Civil - Unlimited          CASE TYPE: Other employment

EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED:

Upon the hearing of a motion for change of venue, "the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court." CCP §396b(a).

Based on the moving papers, it appears that this action should have been commenced in the Superior Court of the County of Santa Barbara.

**THEREFORE, IT IS HEREBY ORDERED** that this action be transferred to the Superior Court of the County of Santa Barbara.

"When the venue in a case is changed, the fee for making up and transmitting the transcript and papers is fifty dollars ($50) and a further sum equal to the uniform fee for filing in the court to which the case is transferred. The clerk shall transmit the uniform filing fee with the papers in the case to the clerk or judge of the court to which the case is transferred." Gov.C. §70618.



FILED
CIVIL BUSINESS OFFICE 4
CENTRAL DIVISION

2016 DEC -9 PM 3: 58

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Harry W. Harrison, Esq. (SBN: 211141)
Daniel D. Bodell Esq. (SBN: 208889)
HARRISON & BODELL, LLP
11455 El Camino Real, Suite 480
San Diego, CA  92130
Telephone:  (858) 461-4699
Facsimile:  (858) 461-4703

Attorneys For Plaintiff
SARA ROODBARI

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| SARA ROODBARI,<br><br>                             Plaintiff,<br><br>                      vs.<br><br>BIOGEN IDEC; BIOGEN INC., and DOES 1<br>through 50, inclusive,<br><br>                             Defendants. | CASE NO.: 37-2016-00043263-CU-OE-CTL<br><br>**COMPLAINT FOR:**<br><br>1.  **Wrongful Termination in Violation of Public Policy;**<br>2.  **Employment Discrimination in Violation of FEHA California Government Code §12940 et seq.;**<br>3.  **Failure to Accommodate in Violation of FEHA California Government Code §§12940 et seq.; and**<br>4.  **Intentional Infliction of Emotional Distress**<br><br>**[IMAGED FILE]**<br><br>**Amount Demanded exceeds $25,000<br>(Unlimited Jurisdiction)** |

Plaintiff SARA ROODBARI alleges the following:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction because: Plaintiff resides in this County; Defendant BIOGEN IDEC; BIOGEN INC. is located and conducts business in this county; and the events constituting the conduct set forth below in this Complaint occurred in this County of San Diego.

2.      Venue is proper in this Court under California Code of Civil Procedure § 395 and California Government Code § 12965(b) because the wrongful conduct alleged herein occurred in this County, the records relevant to Defendant's business are maintained in this County and most if not all of the parties reside in, are located in, or operate in this County.  Moreover, venue

-1-
COMPLAINT

1  is proper within this Division because Plaintiff and Defendants reside in, are located in, or

2  operate in this Division and the majority of the events described below occurred in this Division.

3  **<u>PARTIES</u>**

4       3.    Plaintiff SARA ROODBARI ("Plaintiff") is and at all relevant times herein was

5  an adult resident of the State of California.

6       4.    Plaintiff is informed, believes, and thereon alleges that Defendant BIOGEN

7  IDEC; BIOGEN INC. ("BIOGEN") conducts business in the State of California.

8       5.    Plaintiff is unaware of the true identities of the Defendants, whether individual,

9  corporate, associate or otherwise, sued herein as Does 1 through 50 inclusive. Therefore,

10  Plaintiff sues them by such fictitious names pursuant to California Code of Civil Procedure §

11  474. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

12  Defendants was responsible at least in part for the occurrences alleged herein and is therefore

13  liable to Plaintiff for the damages caused thereby.  Plaintiff reserves the right and will seek leave

14  to amend this Complaint to substitute their true identities once these have been ascertained.

15       6.    To the extent the conduct alleged herein was perpetrated by certain Defendants,

16  Plaintiff is informed, believes and on that basis alleges that each of the other named Defendants

17  confirmed and/or ratified said conduct.

18       7.    Plaintiff is informed, believes, and thereon alleges that at all times herein

19  mentioned, each Defendant was the agent, principal and/or employee of each other Defendant in

20  the acts and conduct alleged herein and therefore incurred liability to Plaintiff for the acts alleged

21  below. Plaintiff is further informed, believes, and thereon alleges that at all times herein

22  mentioned, all the Defendants were acting within the course and scope of their employment

23  and/or said agency.

24  **<u>GENERAL BACKGROUND FACTS</u>**

25       8.    In or around March 2012, Plaintiff was hired by BIOGEN to work on its sales

26  team.

27       9.    Plaintiff suffers from Multiple Sclerosis, a condition of which her employer was

28  aware.

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

10.     On or around December 11, 2014 Plaintiff was forced to quit her job due to Defendant's failure to accommodate Plaintiff as required by law

11.     At no time was there any meaningful attempt to accommodate Plaintiff.

12.     Plaintiff did everything in her power to keep her employer informed of her medical condition, provide information, facilitate communications with the medical professionals and to do what was necessary to keep her job. Unfortunately, she was constructively terminated as a result of her medical condition and/or disability as alleged herein.

13.     For purposes of pursuing claims under the California Fair Employment & Housing Act ("FEHA"), Plaintiff is a qualified individual and BIOGEN is a qualified employer under the Government Code. Plaintiff filed a timely charge with the Department of Fair Employment and Housing ("DFEH") and received a right to sue letter on December 11, 2015. Plaintiff thus properly exhausted all administrative remedies.

**FIRST CAUSE OF ACTION:**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against KYOCERA and DOES 1-50, Inclusive)**

14.     Plaintiff realleges the information set forth in Paragraphs 1 through 13 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

15.     Under California law, no employee, whether she is an at-will employee or an employee under a written or other employment contract, may be terminated for a reason that is in violation of a fundamental public policy.

16.     Plaintiff is informed, believes and on that basis alleges that Defendant BIOGEN constructively terminated her employment for reasons that violate the public policy of the State of California. Specifically, Plaintiff's termination violates the following statutes that affect society at large:

    a.  California Business and Professions Code § 17200 et seq. which prohibits any unlawful, unfair, or fraudulent business act or practice;

    b.  The Fair Employment and Housing Act ("FEHA"), California Government Code § 12940et seq., which prohibits discrimination and harassment based on, *inter alia*, disability and requires reasonable accommodation of employees with disabilities.

    c.  All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-3-
COMPLAINT

1  violated by Defendants.

2  17.  Plaintiff alleges that the Defendants violated articulated, fundamental public

3  policies, affecting society at large, by violating the statutes described above.

4  18.  As a direct, foreseeable, and proximate result of the actions of Defendants as

5  described above, Plaintiff has suffered, and continues to suffer, severe emotional distress,

6  substantial losses in income and other employment benefits she would have received, all to the

7  Plaintiff's damage, in an amount unknown at this time but to be established at the time of trial.

8  Based on the grossly reckless and/or intentional, malicious, and bad faith manner in which

9  Defendants conducted themselves as described herein, by willfully violating those statutes

10  enumerated above, Plaintiff prays for punitive damages against Defendants in an amount to be

11  determined at the time of trial, that is sufficiently high to punish Defendants, deter them from

12  engaging in such conduct in the future and to make an example of them to others.

**SECOND CAUSE OF ACTION:**
**EMPLOYMENT DISCRIMINATION IN VIOLATION OF FEHA**
**CALIFORNIA GOVERNMENT CODE §12940 et seq.**
**(Against BIOGEN and DOES 1 through 50, Inclusive)**

16  19.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 18 above,

17  and incorporates them herein by reference as though set forth in full.

18  20.  At all times mentioned herein, FEHA was in full force and effect and Defendants

19  were and are subject to its requirements.

20  21.  As discussed in detail herein, Plaintiff, a qualified employee, was subjected to

21  disparate treatment because of her medical condition and disability.

22  22.  The aforementioned conduct constituted unlawful discrimination in violation of

23  FEHA.

24  23.  As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered loss

25  of income and other employment-related benefits in an amount unknown at this time, but

26  according to proof at trial.

27  24.  As a further proximate result of Defendants' discriminatory conduct, Plaintiff has

28  suffered depression, loss of self-esteem, illness, and emotional distress, in an amount unknown at

HARRISON & BODELL, LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

1    this time, but according to proof at the time of trial.

2        25.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff

3    has had to employ the services of attorneys to pursue her legal rights. Plaintiff is entitled to an

4    award of attorneys' fees and costs pursuant to FEHA and according to proof at the time of trial.

5        26.    Defendants committed the acts alleged herein maliciously, fraudulently, and

6    oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and

7    evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Plaintiff is

8    thus entitled to an award of exemplary and punitive damages according to proof at trial.

9                    **THIRD CAUSE OF ACTION:**
        **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA**
10        **CALIFORNIA GOVERNMENT CODE §§12940 et seq.**
            **(Against BIOGEN and DOES 1 through 50, Inclusive)**
11

12        27.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 26 above,

13    and incorporates them herein by reference as though set forth in full.

14        28.    At all times mentioned herein, FEHA was in full force and effect and Defendants

15    were and are subject to its requirements.

16        29.    As discussed in detail herein, Plaintiff, a qualified individual, suffered from a

17    medical   condition/disability   covered   by   FEHA.   Notwithstanding   said   medical

18    condition/disability, Defendants failed to provide Plaintiff with a reasonable accommodation.

19        30.    The aforementioned conduct constituted a failure to provide a reasonable

20    accommodation in violation of FEHA.

21        31.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered loss

22    of income and other employment-related benefits in an amount unknown at this time, but

23    according to proof at trial.

24        32.    As a further proximate result of Defendants' discriminatory conduct, Plaintiff has

25    suffered depression, loss of self-esteem, illness, and emotional distress, in an amount unknown at

26    this time, but according to proof at the time of trial.

27        33.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff

28    has had to employ the services of attorneys to pursue her legal rights. Plaintiff is entitled to an

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-5-

1   award of attorneys' fees and costs pursuant to FEHA and according to proof at the time of trial.

2       34.     Defendants committed the acts alleged herein maliciously, fraudulently, and

3   oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and

4   evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights.  Plaintiff is

5   thus entitled to an award of exemplary and punitive damages according to proof at trial.

6                           **FOURTH CAUSE OF ACTION:**
    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

7             (Against All Defendants and DOES 1 through 50, Inclusive)

8       35.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 34

9   above as though set forth in full herein.

10      36.     Defendants' conduct, as thoroughly alleged above, was and is extreme and

11  outrageous conduct amounting to intentional infliction of emotional distress, which was intended

12  to and/or was done with reckless disregard of the probability of causing Plaintiff to suffer severe

13  emotional distress. In addition to the conduct alleged herein, the Defendants, and each of them,

14  engaged in a systematic pattern of harassment of Plaintiff and other conduct which was beyond

15  the normal risks of the employment relationship. Such harassment and other wrongful,

16  intentional conduct was a product of Plaintiff's medical condition/disability.

17      37.     As a proximate result of Defendants' aforementioned wrongful conduct, Plaintiff

18  has suffered and continues to suffer grave emotional distress, including embarrassment,

19  humiliation, loss of self-esteem, depression, loss of the enjoyment of life, and anguish, all to

20  Plaintiff's damage in an amount unknown at this time, but according to proof at the time of trial.

21      38.     Defendants committed the acts alleged herein maliciously, fraudulently, and

22  oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and

23  evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Thus,

24  Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

25  ///

26  ///

27  ///

28  ///

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-6-

1

## PRAYER

2  WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

3   1. For general and special damages according to proof;

4   2. For exemplary and punitive damages;

5   3. For reasonable attorneys' fees and costs pursuant to Government Code §

6 12965(b);

7   4. For costs of suit incurred by Plaintiff;

8   5. For interest on the sum of damages awarded; and

9   6. For such other and further relief as the Court deems just and proper.

10

11 Dated:  December 9, 2016     HARRISON & BODELL, LLP

12

13            By:

14              Harry W. Harrison

15              Daniel D. Bodell

               Attorneys for Plaintiff SARA ROODBARI

16

17

18

19

20

21

22

23

24

25

26

27

28

HARRISON & BODELL, LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-7-
COMPLAINT



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2016-00043263-CU-OE-CTL      CASE TITLE: Sara Roodbari vs Biogen Idec [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **_and_**
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Sara Roodbari |
|---|
| DEFENDANT(S): Biogen Idec et.al. |
| SHORT TITLE: SARA ROODBARI VS BIOGEN IDEC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2016-00043263-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                                 Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                        ☐ Non-binding private arbitration

☐ Mediation (private)                                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)        ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                            ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____            Date: _____

_____                        _____
Name of Plaintiff                                                Name of Defendant

_____                        _____
Signature                                                            Signature

_____                        _____
Name of Plaintiff's Attorney                                Name of Defendant's Attorney

_____                        _____
Signature                                                            Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/09/2016                                              _____
                                                                            JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 W Broadway
MAILING ADDRESS:   330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:         Central
TELEPHONE NUMBER:  (619) 450-7061

PLAINTIFF(S) / PETITIONER(S):      Sara Roodbari

DEFENDANT(S) / RESPONDENT(S):  Biogen Idec et.al.

SARA ROODBARI VS BIOGEN IDEC [IMAGED]

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
| and CASE MANAGEMENT CONFERENCE | 37-2016-00043263-CU-OE-CTL |

## CASE ASSIGNMENT

Judge:  John S. Meyer                               Department:  C-61

**COMPLAINT/PETITION FILED:** 12/09/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/16/2017 | 10:00 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS DIVISION 4
CENTRAL DIVISION

2016 DEC -9  PM 3: 58

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BIOGEN IDEC; BIOGEN INC., and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SARA ROODBARI, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2016-00043263-CU-OE-CTL |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
330 W. Broadway, San Diego, CA 92101 (Central Division)

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Harry W. Harrison (211141), 11455 El Camino Real, Ste. 480, San Diego, CA 92130, 858-461-4699

| DATE: **DEC 0 9 2016** | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* B. Orihuela | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)　　　☐ CCP 416.60 (minor)
   　　　 ☐ CCP 416.20 (defunct corporation)　☐ CCP 416.70 (conservatee)
   　　　 ☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)
   　　　 ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Harry W. Harrison (SBN 211141)
Daniel D. Bodell (SBN 208889)
HARRISON & BODELL, LLP
11455 El Camino Real, Suite 480, San Diego, CA 92130
TELEPHONE NO.: 858-461-4699   FAX NO.: 858-461-4703
ATTORNEY FOR *(Name):* Plaintiff, SARA ROODBARI

FOR COURT USE ONLY

FILED
CIVIL BUSINESS OFFICE 4
CENTRAL DIVISION

2016 DEC -9 PM 3: 58

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL DIVISION

CASE NAME:
Sara Roodbari v. Biogen Idec, et al.                    [IMAGED]

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2016-00043263-CU-OE-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 9, 2016
Harry W. Harrison
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item **1**, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

<strong>CIVIL CASE COVER SHEET</strong>



1  Harry W. Harrison, Esq. (SBN: 211141)
   Daniel D. Bodell Esq. (SBN: 208889)
2  HARRISON & BODELL, LLP
   11455 El Camino Real, Suite 480
3  San Diego, CA 92130
   Telephone: (858) 461-4699
4  Facsimile: (858) 461-4703

5  Attorneys for Plaintiff
   SARA ROODBARI

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10  SARA ROODBARI,                    ) CASE NO.: 37-2016-00043263-CU-OE-CTL
                                      )
11                    Plaintiff,      ) **NOTICE OF MOTION AND MOTION**
                                      ) **FOR CHANGE OF VENUE;**
12           vs.                      ) **MEMORANDUM OF POINTS AND**
                                      ) **AUTHORITIES; AND DELCARATION**
13  BIOGEN IDEC; BIOGEN INC., and DOES 1 ) **OF HARRY W. HARRISON**
    through 50, inclusive,            )
14                                    ) [IMAGED FILE]
                      Defendants.     )
15                                    ) DATE: 5/19/2017
                                      ) TIME: 10:30 a.m.
16                                    ) JUDGE: John S. Meyer
                                      ) DEPT.: C-61
17                                    )
                                      ) Complaint Filed: 12/09/2016
18                                    ) Trial Date: Not Set
                                      )
19                                    )

20         PLEASE TAKE NOTICE that on May 19, 2017 at 10:30 a.m., or as soon after that as the

21  matter can be heard, in Department C-61 of the above-entitled Court located at 330 W.

22  Broadway, San Diego, CA 92101, Plaintiff, SARA ROODBARI ("Plaintiff"), will move the

23  Court to order that the venue for the above-entitled case be transferred to the Superior Court of

24  California, County of Santa Barbara pursuant to *Code of Civil Procedure* §§ 395 and 396, due to

25  the fact that Plaintiff worked in the County of Santa Barbara.

26         Therefore, the above-entitled Court does not have subject matter jurisdiction.

27  / / /

28  / / /

HARRISON & BODELL, LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-1-
NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE; MEMORANDUM OF POINTS AND
AUTHORITIES; AND DELCARATION OF HARRY W. HARRISON

1        The Motion will be based on the notice, the attached memorandum of points and

2    authorities, and the Declaration of Harry W. Harrison.

3

4    Dated:  April 27, 2017                    HARRISON & BODELL, LLP

5

6                                        By: _____

7                                            Harry W. Harrison
                                             Daniel D. Bodell
8                                            Attorneys for Plaintiff SARA ROODBARI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE; MEMORANDUM OF POINTS AND
AUTHORITIES; AND DELCARATION OF HARRY W. HARRISON

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   LEGAL ARGUMENT

### A.   SANTA BARBARA COUNTY IS THE PROPER VENUE FOR THE TRIAL OF THIS ACTION BECAUSE PLAINTIFF IN THIS ACTION WORKED IN SANTA BARBARA COUNTY

*Code of Civil Procedure* § 395(a) states in part:

> "if a defendant has contracted to perform an obligation in a particular county, the superior court in the county where the obligation is to be performed, where the contract in fact was entered into, or where the defendant or any defendant resides at the commencement of the action is a proper court for the trial of an action founded on that obligation, and the county where the obligation is incurred is the county where it is to be performed, unless there is a special contract in writing to the contrary..

Plaintiff in this case worked primarily in Santa Barbara County.

## II.   CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests the Court to grant her Motion and change venue from San Diego County to Santa Barbara County.

Dated:  April 27, 2017

HARRISON & BODELL, LLP

By:  _____
Harry W. Harrison
Daniel D. Bodell
Attorneys for Plaintiff SARA ROODBARI

HARRISON & BODELL, LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-3-

## DECLARATION OF HARRY W. HARRISON

I, Harry W. Harrison declare:

1.    I am an attorney certified to practice before all Courts in the State of California.  I am counsel of record for Plaintiff SARA ROODBARI ("Plaintiff").  I have personal knowledge of the following and if called to testify as a witness could and would testify competently thereto.

2.    On December 9, 2016, Plaintiff's complaint was filed in San Diego County Superior Court.

3.    I learned that the majority of Plaintiff's work was in Santa Barbara County and given the locale of Defendant, a transfer of venue in this matter is appropriate. Once I learned of the same, a hearing was calendared for the instant motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 26, 2017, at HARRISON & BODELL, LLP, 11455 El Camino Real, Suite 480, San Diego, CA 92130.

HARRY W. HARRISON

NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DELCARATION OF HARRY W. HARRISON

## SUPERIOR COURT OF·CALIFORNIA,

COUNTY OF SAN DIEGO

HALL OF JUSTICE

TENTATIVE RULINGS - May 18, 2017

EVENT DATE: 05/19/2017          EVENT TIME:    10:30:00 AM          DEPT.: C-61

JUDICIAL OFFICER:John S. Meyer

CASE NO.:     37-2016-00043263-CU-OE-CTL

CASE TITLE: SARA ROODBARI VS BIOGEN IDEC [IMAGED]

CASE CATEGORY: Civil - Unlimited          CASE TYPE: Other employment

EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED:

Upon the hearing of a motion for change of venue, "the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court." CCP §396b(a).

Based on the moving papers, it appears that this action should have been commenced in the Superior Court of the County of Santa Barbara.

**THEREFORE, IT IS HEREBY ORDERED** that this action be transferred to the Superior Court of the County of Santa Barbara.

"When the venue in a case is changed, the fee for making up and transmitting the transcript and papers is fifty dollars ($50) and a further sum equal to the uniform fee for filing in the court to which the case is transferred. The clerk shall transmit the uniform filing fee with the papers in the case to the clerk or judge of the court to which the case is transferred." Gov.C. §70618.

---

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
## CENTRAL

## MINUTE ORDER

DATE: 05/19/2017                    TIME: 10:30:00 AM          DEPT: C-61

JUDICIAL OFFICER PRESIDING: John S. Meyer
CLERK: Herlinda Chavarin
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: J. Pedroza

CASE NO: **37-2016-00043263-CU-OE-CTL** CASE INIT.DATE: 12/09/2016
CASE TITLE: **Sara Roodbari vs Biogen Idec [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

**EVENT TYPE:** Motion Hearing (Civil)

---

**APPEARANCES**
No Appearance by all parties

Prior to calendar call, the Clerk is notified by plaintiff's office, they submit on the Court's tentative ruling and no appearance will be made.

---

Plaintiff submit(s) on the Court's tentative ruling.

The Court CONFIRMS the tentative ruling as follows:

Upon the hearing of a motion for change of venue, "the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court." CCP §396b(a).

Based on the moving papers, it appears that this action should have been commenced in the Superior Court of the County of Santa Barbara.

**THEREFORE, IT IS HEREBY ORDERED** that this action be transferred to the Superior Court of the County of Santa Barbara.

"When the venue in a case is changed, the fee for making up and transmitting the transcript and papers is fifty dollars ($50) and a further sum equal to the uniform fee for filing in the court to which the case is transferred. The clerk shall transmit the uniform filing fee with the papers in the case to the clerk or judge of the court to which the case is transferred." Gov.C. §70618.

Judge John S. Meyer

---

BatchPrintExtract_01.csv-1762-000000049



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway<br>MAILING ADDRESS:  330 West Broadway<br>CITY AND ZIP CODE:  San Diego, CA 92101<br>BRANCH NAME:    Central | |

| | |
|---|---|
| PLAINTIFF(S)/PETITIONER(S): Sara Roodbari | |
| DEFENDANT(S)/RESPONDENT(S): Biogen Idec et.al. | |
| Short Title: Sara Roodbari vs Biogen Idec [IMAGED] | |

| NOTICE OF SIGNING OF AN ORDER RE CHANGE OF VENUE AND REQUEST FOR PAYMENT OF FEES | CASE NUMBER:<br>37-2016-00043263-CU-OE-CTL |
|---|---|

An order for transfer of the above-entitled case to Santa Barbara was signed and filed on 05/19/2017 by John Meyer, Judicial Officer of the Superior Court.

Sara Roodbari must submit fees, *Attn:* Change of Venue Desk, as indicated below:

A check for $$50.00 payable to the Clerk of the Court *(Change of Venue fee for San Diego Superior Court)*

A check for $$435.00 payable to the Clerk of the Court *(Initial Filing fee for receiving court)*

Submit two separate checks

Failure to submit fees within 30 days may result in a hearing and sanctions may be imposed. (If the required fees have not been paid by party named above within five days after service of this notice, then any other party interested in the case may pay the fees.)

**Other:**

**San Diego has received the $50.00 transfer check. Please send $435.00 first paper fee to San Diego.**

CLERK OF THE SUPERIOR COURT

*D. Schmelzel*

Date: 06/12/2017                    by: _____, Deputy
                                           B. Schmelzel

SDSC CIV-735 (New 5/08)

**NOTICE OF SIGNING OF AN ORDER RE CHANGE OF VENUE AND REQUEST FOR PAYMENT OF FEES**

Code Civ. Pro. § 399

BatchPrintExtract_01.csv-1763-000000049

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Sara Roodbari vs Biogen Idec [IMAGED]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2016-00043263-CU-OE-CTL** |
|---|---|



I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF SIGNING OF AN ORDER RE CHANGE OF VENUE AND REQUEST FOR PAYMENT OF FEES was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 06/12/2017. The mailing occurred at Gardena, California on 06/13/2017.

Clerk of the Court, by: _____, Deputy
B. Schmelzel

HARRY W HARRISON
HARRISON & BODELL, LLP
11455 EL CAMINO REAL # 480
SAN DIEGO, CA 92130

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

BatchPrintExtract_01.csv-1761-000000049

Superior Court of California, County of San Diego
Central
330 West Broadway
San Diego, CA 92101

001761  000000049

HARRY  W HARRISON
HARRISON & BODELL, LLP
11455 EL CAMINO REAL STE 480
SAN DIEGO CA 92130-3036



FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
BRANCH NAME:

**F I L E D**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

JUL 21 2017

Darrel E. Parker, Executive Officer
BY
Terri Chavez, Deputy Clerk

PLAINTIFF: Sara Roodbari

DEFENDANT: Biogen Idec et al

**NOTICE RE: TRANSFERRED ACTION**

CASE NUMBER:
17CV03251

TO ALL PARTIES:

Please be advised that on  July 21, 2017  the above entitled action was:

☒ Received and filed from  San Diego Superior Court
New Case Number is 17CV03251

☐ Transferred to

Dated:  July 21, 2017                     By_____, Deputy
                                                        **TERRI CHAVEZ**
                                                        Terri Chavez

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at (place):  Santa Barbara  , California, on (date)  July 21, 2017  .

Harry W Harrison
Harrison & Bodell
11455 El Camino Real, #480
San Diego, CA  92130

Darrel E. Parker, Executive Officer

Dated:  July 21, 2017                     By_____, Deputy
                                                        **TERRI CHAVEZ**
                                                        Terri Chavez

SC- 2052 [Revised July 1, 2013]          **NOTICE RE: TRANSFERRED ACTION**          CCP 116.390(a), 396, 403

**Superior Court of California, County of Santa Barbara Darrel E Parker, Court Executive Officer**
**www.sbcourts.org**

| | |
|---|---|
| Payor | Receipt No |
| Roodbari, Sara | **2017-7404C** |

Transaction Date
07/21/2017

| Description | Amount Paid |
|---|---|

Roodbari, Sara
    17CV03251
    Sara Roodbari vs Biogen Idec et al

| | |
|---|---:|
|       Unlimited Civil- Complaint/UD/Petition filed >25,000 | 435.00 |
|       SUBTOTAL | 435.00 |
|       Remaining Balance Due:  $0.00 | |

| | |
|---|---:|
| **PAYMENT TOTAL** | **435.00** |

| | |
|---|---:|
| Check/Money Order (Ref #92723) Tendered | 435.00 |
| Total Tendered | 435.00 |
| Change | 0.00 |

| | | |
|---|---|---|
| 07/21/2017 | Cashier | Audit |
| 03:51 PM | Station CIVIL03SB | 6128600 |

# OFFICIAL RECEIPT



Daniel D. Bodell Esq. (SBN: 208889)
BODELL LAW GROUP LLP
11455 El Camino Real, Suite 480
San Diego, CA  92130
Telephone: (858) 461-4699
Facsimile: (858) 461-4703

Attorneys For Plaintiff
SARA ROODBARI

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA BARBARA

| | |
|---|---|
| SARA ROODBARI,<br><br>                              Plaintiff,<br><br>                    vs.<br><br>BIOGEN IDEC; BIOGEN INC., and DOES 1<br>through 50, inclusive,<br><br>                              Defendants. | CASE NO.: 17CV03251<br><br>**PLAINTIFF'S NOTICE OF ERRATA<br>RE: COMPLAINT**<br><br>[IMAGED FILE]<br><br>JUDGE: Thomas P Anderle<br>DEPT.: 3<br><br>Complaint filed: 12/09/2016<br>Trial Date: Not Set |

Plaintiff SARA ROODBARI ("Plaintiff") submits the following Notice of Errata re: a typographical error in the Complaint filed December 9, 2016:

      1)    **Page 3, First Cause of Action: Change** "(Against KYOCERA and DOES 1-50, Inclusive)" to "(Against BIOGEN and DOES 1-50, Inclusive)".

Dated:  July 27, 2017                        BODELL LAW GROUP LLP

                                  By: _____
                                        Daniel D. Bodell
                                      Attorney for Plaintiff SARA ROODBARI

-1-
PLAINTIFF'S NOTICE OF ERRATA RE: COMPLAINT

BODELL LAW GROUP LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

Exhibit B

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7276 |

PLAINTIFF(S) / PETITIONER(S):   Sara Roodbari

DEFENDANT(S) / RESPONDENT(S):   Biogen Idec et.al.

SARA ROODBARI VS BIOGEN IDEC [IMAGED]

| NOTICE OF CASE TRANSMITTAL AND NOTICE OF RECEIPT OF TRANSFERRED CASE (CCP 399) | CASE NUMBER: 37-2016-00043263-CU-OE-CTL |
|---|---|

Notice is hereby given that the above entitled case was:

[X]  Transferred on _6/21/2017_ to _SANTA BARBARA_____

[ ]  Received and filed on _____ after transfer from _____

New case number: _____

Mail to:    SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA
CIVIL DIVISION
1100  ANACAPA ST.
SANTA BARBARA, CA 93101

CLERK OF THE SUPERIOR COURT

Date: 06/21/2017

_B. Schmelzel_____
B. Schmelzel                                                 , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

| | |
|---|---|
| **SHORT TITLE:** Sara Roodbari vs Biogen Idec [IMAGED] | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** 37-2016-00043263-CU-OE-CTL |

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF CASE TRANSMITTAL AND NOTICE OF RECEIPT OF TRANSFERRED CASE (CCP 399) was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 06/22/2017.

Clerk of the Court, by: _B. Schmelzel_ _____ , Deputy

HARRY W HARRISON
11455 EL CAMINO REAL #480
HARRISON & BODELL, LLP
SAN DIEGO, CA 92130

---

# SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SAN DIEGO

HALL OF JUSTICE

TENTATIVE RULINGS - May 18, 2017

EVENT DATE: 05/19/2017        EVENT TIME:  10:30:00 AM        DEPT.: C-61

JUDICIAL OFFICER:John S. Meyer

CASE NO.:    37-2016-00043263-CU-OE-CTL

CASE TITLE: SARA ROODBARI VS BIOGEN IDEC [IMAGED]

CASE CATEGORY: Civil - Unlimited           CASE TYPE:  Other employment

EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED:

Upon the hearing of a motion for change of venue, "the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court." CCP §396b(a).

Based on the moving papers, it appears that this action should have been commenced in the Superior Court of the County of Santa Barbara.

**THEREFORE, IT IS HEREBY ORDERED** that this action be transferred to the Superior Court of the County of Santa Barbara.

"When the venue in a case is changed, the fee for making up and transmitting the transcript and papers is fifty dollars ($50) and a further sum equal to the uniform fee for filing in the court to which the case is transferred. The clerk shall transmit the uniform filing fee with the papers in the case to the clerk or judge of the court to which the case is transferred." Gov.C. §70618.

1  Harry W. Harrison, Esq. (SBN: 211141)
Daniel D. Bodell Esq. (SBN: 208889)
2  HARRISON & BODELL, LLP
11455 El Camino Real, Suite 480
3  San Diego, CA 92130
Telephone: (858) 461-4699
4  Facsimile: (858) 461-4703

5  Attorneys For Plaintiff
SARA ROODBARI

FILED
CIVIL BUSINESS OFFICE 4
CENTRAL DIVISION

2016 DEC -9 PM 3: 58

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

6

7

8                          SUPERIOR COURT OF CALIFORNIA

9                              COUNTY OF SAN DIEGO

10  SARA ROODBARI,                          ) CASE NO.: 37-2016-00043263-CU-OE-CTL
                                            )
11                           Plaintiff,     ) **COMPLAINT FOR:**
                                            )
12              vs.                         ) 1. **Wrongful Termination in Violation**
                                            )    **of Public Policy;**
13  BIOGEN IDEC; BIOGEN INC., and DOES 1    ) 2. **Employment Discrimination in**
    through 50, inclusive,                  )    **Violation of FEHA California**
14                                          )    **Government Code §12940 et seq.;**
                          Defendants.       ) 3. **Failure to Accommodate in Violation**
15                                          )    **of FEHA California Government**
                                            )    **Code §§12940 et seq.; and**
16                                          ) 4. **Intentional Infliction of Emotional**
                                            )    **Distress**
17                                          )
                                            ) **[IMAGED FILE]**
18                                          )
                                            ) **Amount Demanded exceeds $25,000**
19                                          )     **(Unlimited Jurisdiction)**

20        Plaintiff SARA ROODBARI alleges the following:

21                              **JURISDICTION AND VENUE**

22        1.    This Court has jurisdiction because: Plaintiff resides in this County; Defendant

23  BIOGEN IDEC; BIOGEN INC. is located and conducts business in this county; and the events

24  constituting the conduct set forth below in this Complaint occurred in this County of San Diego.

25        2.    Venue is proper in this Court under California Code of Civil Procedure § 395 and

26  California Government Code § 12965(b) because the wrongful conduct alleged herein occurred

27  in this County, the records relevant to Defendant's business are maintained in this County and

28  most if not all of the parties reside in, are located in, or operate in this County. Moreover, venue

*(left margin:) HARRISON & BODELL LLP / 11455 El Camino Real, / Suite 480 / San Diego, CA 92130*

-1-
COMPLAINT

1   is proper within this Division because Plaintiff and Defendants reside in, are located in, or

2   operate in this Division and the majority of the events described below occurred in this Division.

3                                    **PARTIES**

4          3.      Plaintiff SARA ROODBARI ("Plaintiff") is and at all relevant times herein was

5   an adult resident of the State of California.

6          4.      Plaintiff is informed, believes, and thereon alleges that Defendant BIOGEN

7   IDEC; BIOGEN INC. ("BIOGEN") conducts business in the State of California.

8          5.      Plaintiff is unaware of the true identities of the Defendants, whether individual,

9   corporate, associate or otherwise, sued herein as Does 1 through 50 inclusive. Therefore,

10  Plaintiff sues them by such fictitious names pursuant to California Code of Civil Procedure §

11  474. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

12  Defendants was responsible at least in part for the occurrences alleged herein and is therefore

13  liable to Plaintiff for the damages caused thereby.  Plaintiff reserves the right and will seek leave

14  to amend this Complaint to substitute their true identities once these have been ascertained.

15         6.      To the extent the conduct alleged herein was perpetrated by certain Defendants,

16  Plaintiff is informed, believes and on that basis alleges that each of the other named Defendants

17  confirmed and/or ratified said conduct.

18         7.      Plaintiff is informed, believes, and thereon alleges that at all times herein

19  mentioned, each Defendant was the agent, principal and/or employee of each other Defendant in

20  the acts and conduct alleged herein and therefore incurred liability to Plaintiff for the acts alleged

21  below. Plaintiff is further informed, believes, and thereon alleges that at all times herein

22  mentioned, all the Defendants were acting within the course and scope of their employment

23  and/or said agency.

24                       **GENERAL BACKGROUND FACTS**

25         8.      In or around March 2012, Plaintiff was hired by BIOGEN to work on its sales

26  team.

27         9.      Plaintiff suffers from Multiple Sclerosis, a condition of which her employer was

28  aware.

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-2-

10.     On or around December 11, 2014 Plaintiff was forced to quit her job due to Defendant's failure to accommodate Plaintiff as required by law

11.     At no time was there any meaningful attempt to accommodate Plaintiff,

12.     Plaintiff did everything in her power to keep her employer informed of her medical condition, provide information, facilitate communications with the medical professionals and to do what was necessary to keep her job. Unfortunately, she was constructively terminated as a result of her medical condition and/or disability as alleged herein.

13.     For purposes of pursuing claims under the California Fair Employment & Housing Act ("FEHA"), Plaintiff is a qualified individual and BIOGEN is a qualified employer under the Government Code. Plaintiff filed a timely charge with the Department of Fair Employment and Housing ("DFEH") and received a right to sue letter on December 11, 2015. Plaintiff thus properly exhausted all administrative remedies.

**FIRST CAUSE OF ACTION:**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against KYOCERA and DOES 1-50, Inclusive)**

14.     Plaintiff realleges the information set forth in Paragraphs 1 through 13 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

15.     Under California law, no employee, whether she is an at-will employee or an employee under a written or other employment contract, may be terminated for a reason that is in violation of a fundamental public policy.

16.     Plaintiff is informed, believes and on that basis alleges that Defendant BIOGEN constructively terminated her employment for reasons that violate the public policy of the State of California. Specifically, Plaintiff's termination violates the following statutes that affect society at large:

    a.  California Business and Professions Code § 17200 et seq. which prohibits any unlawful, unfair, or fraudulent business act or practice;

    b.  The Fair Employment and Housing Act ("FEHA"), California Government Code § 12940et seq., which prohibits discrimination and harassment based on, *inter alia*, disability and requires reasonable accommodation of employees with disabilities.

    c.  All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92230

1   violated by Defendants.

2   17.   Plaintiff alleges that the Defendants violated articulated, fundamental public

3   policies, affecting society at large, by violating the statutes described above.

4   18.   As a direct, foreseeable, and proximate result of the actions of Defendants as

5   described above, Plaintiff has suffered, and continues to suffer, severe emotional distress,

6   substantial losses in income and other employment benefits she would have received, all to the

7   Plaintiff's damage, in an amount unknown at this time but to be established at the time of trial.

8   Based on the grossly reckless and/or intentional, malicious, and bad faith manner in which

9   Defendants conducted themselves as described herein, by willfully violating those statutes

10   enumerated above, Plaintiff prays for punitive damages against Defendants in an amount to be

11   determined at the time of trial, that is sufficiently high to punish Defendants, deter them from

12   engaging in such conduct in the future and to make an example of them to others.

**SECOND CAUSE OF ACTION:**
**EMPLOYMENT DISCRIMINATION IN VIOLATION OF FEHA**
**CALIFORNIA GOVERNMENT CODE §12940 et seq.**
**(Against BIOGEN and DOES 1 through 50, Inclusive)**

16   19.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 18 above,

17   and incorporates them herein by reference as though set forth in full.

18   20.   At all times mentioned herein, FEHA was in full force and effect and Defendants

19   were and are subject to its requirements.

20   21.   As discussed in detail herein, Plaintiff, a qualified employee, was subjected to

21   disparate treatment because of her medical condition and disability.

22   22.   The aforementioned conduct constituted unlawful discrimination in violation of

23   FEHA.

24   23.   As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered loss

25   of income and other employment-related benefits in an amount unknown at this time, but

26   according to proof at trial.

27   24.   As a further proximate result of Defendants' discriminatory conduct, Plaintiff has

28   suffered depression, loss of self-esteem, illness, and emotional distress, in an amount unknown at

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

1   this time, but according to proof at the time of trial.

2       25.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff

3   has had to employ the services of attorneys to pursue her legal rights. Plaintiff is entitled to an

4   award of attorneys' fees and costs pursuant to FEHA and according to proof at the time of trial.

5       26.    Defendants committed the acts alleged herein maliciously, fraudulently, and

6   oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and

7   evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Plaintiff is

8   thus entitled to an award of exemplary and punitive damages according to proof at trial.

9                      **THIRD CAUSE OF ACTION:**
       **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA**
10       **CALIFORNIA GOVERNMENT CODE §§12940 et seq.**
              **(Against BIOGEN and DOES 1 through 50, Inclusive)**
11

12      27.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 26 above,

13   and incorporates them herein by reference as though set forth in full.

14      28.    At all times mentioned herein, FEHA was in full force and effect and Defendants

15   were and are subject to its requirements.

16      29.    As discussed in detail herein, Plaintiff, a qualified individual, suffered from a

17   medical condition/disability covered by FEHA. Notwithstanding said medical

18   condition/disability, Defendants failed to provide Plaintiff with a reasonable accommodation.

19      30.    The aforementioned conduct constituted a failure to provide a reasonable

20   accommodation in violation of FEHA.

21      31.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered loss

22   of income and other employment-related benefits in an amount unknown at this time, but

23   according to proof at trial.

24      32.    As a further proximate result of Defendants' discriminatory conduct, Plaintiff has

25   suffered depression, loss of self-esteem, illness, and emotional distress, in an amount unknown at

26   this time, but according to proof at the time of trial.

27      33.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff

28   has had to employ the services of attorneys to pursue her legal rights. Plaintiff is entitled to an

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

1    award of attorneys' fees and costs pursuant to FEHA and according to proof at the time of trial.

2         34.    Defendants committed the acts alleged herein maliciously, fraudulently, and

3    oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and

4    evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights.  Plaintiff is

5    thus entitled to an award of exemplary and punitive damages according to proof at trial.

6                          **FOURTH CAUSE OF ACTION:**
     **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
7         **(Against All Defendants and DOES 1 through 50, Inclusive)**

8         35.    Plaintiff realleges and incorporates the allegations of paragraphs 1 through 34

9    above as though set forth in full herein.

10        36.    Defendants' conduct, as thoroughly alleged above, was and is extreme and

11   outrageous conduct amounting to intentional infliction of emotional distress, which was intended

12   to and/or was done with reckless disregard of the probability of causing Plaintiff to suffer severe

13   emotional distress. In addition to the conduct alleged herein, the Defendants, and each of them,

14   engaged in a systematic pattern of harassment of Plaintiff and other conduct which was beyond

15   the normal risks of the employment relationship. Such harassment and other wrongful,

16   intentional conduct was a product of Plaintiff's medical condition/disability.

17        37.    As a proximate result of Defendants' aforementioned wrongful conduct, Plaintiff

18   has suffered and continues to suffer grave emotional distress, including embarrassment,

19   humiliation, loss of self-esteem, depression, loss of the enjoyment of life, and anguish, all to

20   Plaintiff's damage in an amount unknown at this time, but according to proof at the time of trial.

21        38.    Defendants committed the acts alleged herein maliciously, fraudulently, and

22   oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and

23   evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Thus,

24   Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

25   ///

26   ///

27   ///

28   ///

HARRISON & BODELL, LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-6-
COMPLAINT

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For general and special damages according to proof;

2.     For exemplary and punitive damages;

3.     For reasonable attorneys' fees and costs pursuant to Government Code § 12965(b);

4.     For costs of suit incurred by Plaintiff;

5.     For interest on the sum of damages awarded; and

6.     For such other and further relief as the Court deems just and proper.

Dated: December 9, 2016          HARRISON & BODELL, LLP

By: _____
      Harry W. Harrison
      Daniel D. Bodell
      Attorneys for Plaintiff SARA ROODBARI

HARRISON & BODELL, LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-7-

COMPLAINT



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2016-00043263-CU-OE-CTL      CASE TITLE: Sara Roodbari vs Biogen Idec [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
       (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
       (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
       (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Sara Roodbari |
|---|
| DEFENDANT(S): Biogen Idec et.al. |
| SHORT TITLE: SARA ROODBARI VS BIOGEN IDEC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2016-00043263-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                          Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                Name of Defendant

_____                    _____
Signature                                        Signature

_____                    _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                    _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/09/2016                                _____
                                                 JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:       330 W Broadway
MAILING ADDRESS:      330 W Broadway
CITY AND ZIP CODE:    San Diego, CA 92101-3827
BRANCH NAME:          Central
TELEPHONE NUMBER:     (619) 450-7061

PLAINTIFF(S) / PETITIONER(S):   Sara Roodbari

DEFENDANT(S) / RESPONDENT(S):   Biogen Idec et.al.

SARA ROODBARI VS BIOGEN IDEC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2016-00043263-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  John S. Meyer                          Department:  C-61

## COMPLAINT/PETITION FILED: 12/09/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/16/2017 | 10:00 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BIOGEN IDEC; BIOGEN INC., and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SARA ROODBARI, an individual

> FOR COURT USE ONLY
> CIVIL BUSINESS DEPARTMENT 4
> CENTRAL DIVISION
>
> 2016 DEC -9  PM 3: 58
>
> CLERK-SUPERIOR COURT
> SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>330 W. Broadway, San Diego, CA 92101 (Central Division) | **CASE NUMBER:**<br>*(Número del Caso):*<br>**37-2016-00043263-CU-OE-CTL** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Harry W. Harrison (211141), 11455 El Camino Real, Ste. 480, San Diego, CA 92130, 858-461-4699

| DATE: **DEC 0 9 2016** | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* **B. Orihuela** | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Harry W. Harrison (SBN 211141)
Daniel D. Bodell (SBN 208889)
HARRISON & BODELL, LLP
11455 El Camino Real, Suite 480, San Diego, CA 92130
TELEPHONE NO.: 858-461-4699   FAX NO.: 858-461-4703
ATTORNEY FOR (Name): Plaintiff, SARA ROODBARI

FOR COURT USE ONLY

FILED
CIVIL BUSINESS OFFICE 4
CENTRAL DIVISION

2016 DEC -9  PM 3: 58

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL DIVISION

CASE NAME:
Sara Roodbari v. Biogen Idec, et al.                    [IMAGED]

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2016-00043263-CU-OE-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 9, 2016
Harry W. Harrison                                      ▶ [signature]
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

---

**CIVIL CASE COVER SHEET**



Harry W. Harrison, Esq. (SBN: 211141)
Daniel D. Bodell Esq. (SBN: 208889)
HARRISON & BODELL, LLP
11455 El Camino Real, Suite 480
San Diego, CA 92130
Telephone: (858) 461-4699
Facsimile: (858) 461-4703

Attorneys for Plaintiff
SARA ROODBARI

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| SARA ROODBARI,<br><br>               Plaintiff,<br><br>        vs.<br><br>BIOGEN IDEC; BIOGEN INC., and DOES 1 through 50, inclusive,<br><br>             Defendants. | CASE NO.: 37-2016-00043263-CU-OE-CTL<br><br>**NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DELCARATION OF HARRY W. HARRISON**<br><br>[IMAGED FILE]<br><br>DATE: 5/19/2017<br>TIME: 10:30 a.m.<br>JUDGE: John S. Meyer<br>DEPT.: C-61<br><br>Complaint Filed: 12/09/2016<br>Trial Date: Not Set |

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

    PLEASE TAKE NOTICE that on May 19, 2017 at 10:30 a.m., or as soon after that as the matter can be heard, in Department C-61 of the above-entitled Court located at 330 W. Broadway, San Diego, CA 92101, Plaintiff, SARA ROODBARI ("Plaintiff"), will move the Court to order that the venue for the above-entitled case be transferred to the Superior Court of California, County of Santa Barbara pursuant to *Code of Civil Procedure* §§ 395 and 396, due to the fact that Plaintiff worked in the County of Santa Barbara.

    Therefore, the above-entitled Court does not have subject matter jurisdiction.

///

///

-1-
NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE; MEMORANDUM OF POINTS AND
AUTHORITIES; AND DELCARATION OF HARRY W. HARRISON

1        The Motion will be based on the notice, the attached memorandum of points and

2    authorities, and the Declaration of Harry W. Harrison.

3

4    Dated:  April 27, 2017                  HARRISON & BODELL, LLP

5

6                                 By: _____

7                                   Harry W. Harrison

8                                   Daniel D. Bodell
                               Attorneys for Plaintiff SARA ROODBARI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HARRISON & BODELL, LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     LEGAL ARGUMENT**

    **A.     SANTA BARBARA COUNTY IS THE PROPER VENUE FOR THE TRIAL OF THIS ACTION BECAUSE PLAINTIFF IN THIS ACTION WORKED IN SANTA BARBARA COUNTY**

*Code of Civil Procedure* § 395(a) states in part:

> "if a defendant has contracted to perform an obligation in a particular county, the superior court in the county where the obligation is to be performed, where the contract in fact was entered into, or where the defendant or any defendant resides at the commencement of the action is a proper court for the trial of an action founded on that obligation, and the county where the obligation is incurred is the county where it is to be performed, unless there is a special contract in writing to the contrary..

Plaintiff in this case worked primarily in Santa Barbara County.

**II.     CONCLUSION**

    For the forgoing reasons, Plaintiff respectfully requests the Court to grant her Motion and change venue from San Diego County to Santa Barbara County.

Dated: April 27, 2017

                            HARRISON & BODELL, LLP

                By: _____
                     Harry W. Harrison
                     Daniel D. Bodell
                     Attorneys for Plaintiff SARA ROODBARI

HARRISON & BODELL LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

-3-

NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DELCARATION OF HARRY W. HARRISON

## DECLARATION OF HARRY W. HARRISON

I, Harry W. Harrison declare:

1.      I am an attorney certified to practice before all Courts in the State of California. I am counsel of record for Plaintiff SARA ROODBARI ("Plaintiff"). I have personal knowledge of the following and if called to testify as a witness could and would testify competently thereto.

2.      On December 9, 2016, Plaintiff's complaint was filed in San Diego County Superior Court.

3.      I learned that the majority of Plaintiff's work was in Santa Barbara County and given the locale of Defendant, a transfer of venue in this matter is appropriate. Once I learned of the same, a hearing was calendared for the instant motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 26, 2017, at HARRISON & BODELL, LLP, 11455 El Camino Real, Suite 480, San Diego, CA 92130.

HARRY W. HARRISON

NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DELCARATION OF HARRY W. HARRISON

# SUPERIOR COURT OF·CALIFORNIA,

COUNTY OF SAN DIEGO

HALL OF JUSTICE

TENTATIVE RULINGS - May 18, 2017

EVENT DATE: 05/19/2017          EVENT TIME:    10:30:00 AM          DEPT.: C-61

JUDICIAL OFFICER:John S. Meyer

CASE NO.:    37-2016-00043263-CU-OE-CTL

CASE TITLE: SARA ROODBARI VS BIOGEN IDEC [IMAGED]

CASE CATEGORY: Civil - Unlimited          CASE TYPE: Other employment

EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED:

Upon the hearing of a motion for change of venue, "the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court." CCP §396b(a).

Based on the moving papers, it appears that this action should have been commenced in the Superior Court of the County of Santa Barbara.

**THEREFORE, IT IS HEREBY ORDERED** that this action be transferred to the Superior Court of the County of Santa Barbara.

"When the venue in a case is changed, the fee for making up and transmitting the transcript and papers is fifty dollars ($50) and a further sum equal to the uniform fee for filing in the court to which the case is transferred. The clerk shall transmit the uniform filing fee with the papers in the case to the clerk or judge of the court to which the case is transferred." Gov.C. §70618.

---

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
## CENTRAL

### MINUTE ORDER

DATE: 05/19/2017                    TIME: 10:30:00 AM          DEPT: C-61

JUDICIAL OFFICER PRESIDING: John S. Meyer
CLERK: Herlinda Chavarin
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: J. Pedroza

CASE NO: 37-2016-00043263-CU-OE-CTL  CASE INIT.DATE: 12/09/2016
CASE TITLE: **Sara Roodbari vs Biogen Idec [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

**EVENT TYPE**: Motion Hearing (Civil)

---

**APPEARANCES**
No Appearance by all parties

Prior to calendar call, the Clerk is notified by plaintiff's office, they submit on the Court's tentative ruling and no appearance will be made.

---

Plaintiff submit(s) on the Court's tentative ruling.

The Court CONFIRMS the tentative ruling as follows:

Upon the hearing of a motion for change of venue, "the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court." CCP §396b(a).

Based on the moving papers, it appears that this action should have been commenced in the Superior Court of the County of Santa Barbara.

**THEREFORE, IT IS HEREBY ORDERED** that this action be transferred to the Superior Court of the County of Santa Barbara.

"When the venue in a case is changed, the fee for making up and transmitting the transcript and papers is fifty dollars ($50) and a further sum equal to the uniform fee for filing in the court to which the case is transferred. The clerk shall transmit the uniform filing fee with the papers in the case to the clerk or judge of the court to which the case is transferred." Gov.C. §70618.

_____
Judge John S. Meyer

---

BatchPrintExtract_01.csv-1762-000000049

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:        Central

PLAINTIFF(S)/PETITIONER(S): Sara Roodbari

DEFENDANT(S)/RESPONDENT(S): Biogen Idec et.al.

Short Title: Sara Roodbari vs Biogen Idec [IMAGED]

| NOTICE OF SIGNING OF AN ORDER RE CHANGE OF VENUE AND REQUEST FOR PAYMENT OF FEES | CASE NUMBER: 37-2016-00043263-CU-OE-CTL |
|---|---|

An order for transfer of the above-entitled case to Santa Barbara was signed and filed on 05/19/2017 by John Meyer, Judicial Officer of the Superior Court.

Sara Roodbari must submit fees, *Attn:* Change of Venue Desk, as indicated below:

A check for $$50.00 payable to the Clerk of the Court *(Change of Venue fee for San Diego Superior Court)*

A check for $$435.00 payable to the Clerk of the Court *(Initial Filing fee for receiving court)*

Submit two separate checks

Failure to submit fees within 30 days may result in a hearing and sanctions may be imposed. (If the required fees have not been paid by party named above within five days after service of this notice, then any other party interested in the case may pay the fees.)

**Other:**

**San Diego has received the $50.00 transfer check. Please send $435.00 first paper fee to San Diego.**

CLERK OF THE SUPERIOR COURT

B. Schmelzel

Date: 06/12/2017          by: _____, Deputy
                               B. Schmelzel

BatchPrintExtract_01.csv-1763-000000049

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

| **SHORT TITLE:** Sara Roodbari vs Biogen Idec [IMAGED] |
|---|

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** 37-2016-00043263-CU-OE-CTL |
|---|---|



I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF SIGNING OF AN ORDER RE CHANGE OF VENUE AND REQUEST FOR PAYMENT OF FEES was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 06/12/2017. The mailing occurred at Gardena, California on 06/13/2017.

Clerk of the Court, by: _____, Deputy
B. Schmelzel

HARRY W HARRISON
HARRISON & BODELL, LLP
11455 EL CAMINO REAL # 480
SAN DIEGO, CA 92130

BatchPrintExtract_01.csv-1761-000000049

Superior Court of California, County of San Diego
Central
330 West Broadway
San Diego, CA 92101

001761  000000049
|||||||||||||||||||||||||||||||||||||||||||||

HARRY  W HARRISON
HARRISON & BODELL, LLP
11455 EL CAMINO REAL STE 480
SAN DIEGO CA 92130-3036



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**
STREET ADDRESS: 1100 Anacapa  Street
MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
BRANCH NAME:

FOR COURT USE ONLY

FILED
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

JUL 21 2017

Darrel E. Parker, Executive Officer
BY_____
Terri Chavez, Deputy Clerk

PLAINTIFF:  Sara Roodbari

DEFENDANT: Biogen Idec et al

**NOTICE RE:  TRANSFERRED ACTION**

CASE NUMBER:
17CV03251

TO ALL PARTIES:

Please be advised that on ___July 21, 2017_____ the above entitled action was:

☒ Received and filed from  San Diego Superior Court _____
   New Case Number is 17CV03251_____

☐ Transferred to _____

Dated: ___July 21, 2017_____      By_____, Deputy
                                              Terri Chavez

**TERRI CHAVEZ**

───────────────────────────────────────────────────────

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at (*place*): _Santa Barbara_____, California, on (*date*) _July 21, 2017_____.

Harry W Harrison
Harrison & Bodell
11455 El Camino Real, #480
San Diego, CA  92130

Darrel E. Parker, Executive Officer

**TERRI CHAVEZ**

Dated: _July 21, 2017_____      By_____, Deputy
                                              Terri Chavez

───────────────────────────────────────────────────────

SC- 2052 [Revised July 1, 2013]        **NOTICE RE:  TRANSFERRED ACTION**        CCP 116.390(a), 396, 403

**Superior Court of California, County of Santa Barbara Darrel E Parker, Court Executive Officer**
**www.sbcourts.org**

| Payor | Receipt No |
|---|---|
| Roodbari, Sara | **2017-7404(** |

Transaction Date
07/21/2017

| Description | Amount Paid |
|---|---|

Roodbari, Sara
    17CV03251
    Sara Roodbari vs Biogen Idec et al

| | |
|---|---|
| Unlimited Civil- Complaint/UD/Petition filed >25,000 | 435.00 |
| SUBTOTAL | 435.00 |
| Remaining Balance Due:  $0.00 | |

**PAYMENT TOTAL**      **435.00**

| | |
|---|---|
| Check/Money Order (Ref #92723) Tendered | 435.00 |
| Total Tendered | 435.00 |
| Change | 0.00 |

| | | |
|---|---|---|
| 07/21/2017 | Cashier | Audit |
| 03:51 PM | Station CIVIL03SB | 6128600 |

**OFFICIAL RECEIPT**

1    Daniel D. Bodell Esq. (SBN: 208889)
     BODELL LAW GROUP LLP
2    11455 El Camino Real, Suite 480
     San Diego, CA  92130
3    Telephone: (858) 461-4699
     Facsimile: (858) 461-4703
4
     Attorneys For Plaintiff
5    SARA ROODBARI

6

7

8                        SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SANTA BARBARA

10   SARA ROODBARI,                        )   CASE NO.: 17CV03251
                                           )
11                        Plaintiff,       )   **PLAINTIFF'S NOTICE OF ERRATA**
                                           )   **RE: COMPLAINT**
12                   vs.                   )
                                           )   [IMAGED FILE]
13   BIOGEN IDEC; BIOGEN INC., and DOES 1  )
     through 50, inclusive,                )   JUDGE: Thomas P Anderle
14                                         )   DEPT.: 3
                          Defendants.      )
15                                         )   Complaint filed: 12/09/2016
                                           )   Trial Date: Not Set
16                                         )
                                           )
17                                         )
                                           )
18

19         Plaintiff SARA ROODBARI ("Plaintiff") submits the following Notice of Errata re: a

20   typographical error in the Complaint filed December 9, 2016:

21         1)    **Page 3, First Cause of Action: Change** "(Against KYOCERA and DOES 1-50,

22   Inclusive)" to "(Against BIOGEN and DOES 1-50, Inclusive)".

23

24   Dated:  July 27, 2017                      BODELL LAW GROUP LLP

25

26                                        By: _____
                                               Daniel D. Bodell
27                                             Attorney for Plaintiff SARA ROODBARI

28

BODELL LAW GROUP LLP
11455 El Camino Real,
Suite 480
San Diego, CA 92130

Exhibit C

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:  1100 Anacapa Street<br>CITY AND ZIP CODE:  Santa Barbara CA  93101<br>BRANCH NAME:  Anacapa | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br>**08/15/2017**<br>Darrel E. Parker, Executive Officer<br>BY ___Chavez, Terri_____<br>Deputy Clerk |
| CAPTION:<br>**Sara Roodbari vs Biogen Idec et al** | |
| **ORDER AND NOTICE OF CASE ASSIGNMENT;<br>NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**17CV03251** |

The above case is hereby assigned to Judge **Thomas P Anderle** for ALL purposes, including trial.  All future matters, including ex-parte matters, are to be scheduled with the assigned judge.  Counsel shall include the name of the assigned judge in the caption of every document filed with the court.  The above-entitled case is hereby ordered set for:

**Case Management Conference on 11/21/2017 at 8:30 AM in SB Dept 3 at the court address above.**

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors.  A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service.  Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions.  Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form CM110).  In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated:  8/15/2017

_____
Judge of the Superior Court
Michael Carrozzo

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this action and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at (*place*): Santa Barbara, California on: 08/15/17.

Darrel E. Parker, Executive Officer       By _____Terri Chavez_____       Deputy Clerk

Harry W Harrison
Harrison & Bodell LLP
11455 El Camino Real Ste 480
San Diego CA  92130

1   Daniel D. Bodell Esq. (SBN: 208889)
    BODELL LAW GROUP
2   11455 El Camino Real, Suite 480
    San Diego, CA 92130
3   Telephone: (858) 461-4699
    Facsimile: (858) 461-4703
4
    Attorneys For Plaintiff
5   SARA ROODBARI

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF SANTA BARBARA

10  SARA ROODBARI,                    )   CASE NO.: 17CV03251
                                      )
11              Plaintiff,            )   **PROOF OF SERVICE**
                                      )
12              vs.                   )   Judge: Hon. Thomas P. Anderle
                                      )   Dept.: Dept. 3
13  BIOGEN IDEC; BIOGEN INC., and DOES 1  )
    through 50, inclusive,            )   Complaint Filed: 12/09/2016
14                                    )   Trial Date: Not Set
                                      )
15              Defendants.           )
                                      )
16                      **PROOF OF SERVICE**

17          I am a resident of the State of California, over the age of eighteen years, and not a party

18  to the within action.  My business address is BODELL LAW GROUP, 11455 El Camino Real,

19  Suite 480, San Diego, California 92130.  On August 17, 2017, I served the within documents:

20      •   **ORDER AND NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE**
            **MANAGEMENT CONFERENCE**

21  ☒   **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with
22          postage thereon fully prepaid, in the United States mail at San Diego, California
            addressed as set forth below.  I am readily familiar with the firm's practice of collection
23          and processing correspondence for mailing.  Under that practice it would be deposited
            with the U.S. Postal Service on the same day with postage thereon fully prepaid in the
24          ordinary course of business.  I am aware that on motion of the party served, service is
            presumed invalid if postal cancellation date or postage meter date is more than one day
25          after date of deposit for mailing an affidavit.

26  Executed on August 17, 2017, at San Diego, California.

27

28                                          _____
                                            DEBBIE AUBELE

                                -1-
                           PROOF OF SERVICE

<u>SERVICE LIST</u>

| BIOGEN, INC. | |
|---|---|
| CSC – Lawyers, Authorized Agent | |
| 2710 Gateway Oaks Drive, Suite 150N | |
| Sacramento, CA 95833 | |

BODELL LAW GROUP
11455 El Camino Reaill,
Suite 480
San Diego, CA 92130

-2-

PROOF OF SERVICE

Exhibit D

1   Henry L. Sanchez (SBN 176878)
    Michael A. Wertheim (SBN 291228)
2   **JACKSON LEWIS P.C.**
    725 South Figueroa Street, Suite 2500
3   Los Angeles, California 90017-5408
    Telephone:   (213) 689-0404
4   Facsimile:    (213) 689-0430
    Email: sanchezh@jacksonlewis.com
5           Michael.wertheim@jacksonelewis.com

6   Attorneys for Defendant
    BIOGEN INC. (also erroneously sued and served as BIOGEN IDEC)

7

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
8/28/2017 4:46 PM
By: Sarah Sisto, Deputy

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF SANTA BARBARA**

10

11   SARA ROODBARI,              )  **CASE NO.: 17CV03251**

12         Plaintiff,         )  *[Assigned for all purposes to the Hon. Thomas*
                             )  *Anderly, Dept. 3]*

13       vs.                )  **DEFENDANT BIOGEN INC.'S ANSWER TO**
                             )  **PLAINTIFF SARA ROODBARI'S**
14   BIOGEN IDEC; BIOGEN INC., and DOES 1 )  **COMPLAINT FOR DAMAGES**
    through 50, inclusive,        )
15                    )  Complaint Filed:     December 9, 2016
        Defendants.        )
16                    )
                   )
17                    )

18

19     **TO THE COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:**

20         Defendant BIOGEN INC. (also erroneously sued and served as BIOGEN IDEC) ("Defendant")

21   on behalf of itself and for no other defendant, hereby submits its Answer regarding the above-entitled

22   matter, brought by Plaintiff SARA ROODBARI ("Plaintiff").

23                        **GENERAL DENIAL**

24         Pursuant to Code of Civil Procedure Section 431.30(d), the answering Defendant denies

25   generally and specifically each and every allegation contained in Plaintiff's Complaint ("Complaint"),

26   and each and every cause of action purported to be alleged therein. Defendant further denies that

27   Plaintiff has suffered any injury or been damaged in any sum whatsoever, and denies that Plaintiff is

28   entitled to the relief sought in his Complaint, or to any other relief.

                                     1

**AFFIRMATIVE DEFENSES**

By way of affirmative defense to the allegations of the Complaint on file herein, this answering Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

1.       Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2.       Any recovery on Plaintiff's Complaint or any purported cause of action therein, is barred in that this Court lacks jurisdiction over such claims because Plaintiff failed to perfect a right of action and/or to exhaust administrative remedies prior to commencing this civil action as required by applicable law including, without limitation, the California Fair Employment and Housing Act, Government Code Sections 12900, *et seq.*

**THIRD AFFIRMATIVE DEFENSE**

3.       Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, laches, waiver, estoppel and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

4.       The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations including but not limited to, California Code of Civil Procedure § 335.1 and California Government Code §§ 12940, 12945.2, 12960, and 12965.

**FIFTH AFFIRMATIVE DEFENSE**

5.       Plaintiff's Complaint and each alleged cause of action are barred in whole or in part by the doctrine of after-acquired evidence or, alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

6.       Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part, as Plaintiff had and continues to have the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this litigation, and has failed to exercise reasonable diligence to mitigate the damages.

DEFENDANT BIOGEN, INC.'S ANSWER TO PLAINTIFF SARA ROODBARI'S COMPLAINT FOR DAMAGES

## SEVENTH AFFIRMATIVE DEFENSE

7.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Any recovery on Plaintiff's Complaint is barred because all decisions and acts by Defendant which pertained to Plaintiff's employment were justified under California law and occurred in good faith based upon good cause and legitimate non-discriminatory, non-retaliatory reasons that were not related to Plaintiff's alleged disability or any other protected category.

## NINTH AFFIRMATIVE DEFENSE

9.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

## TENTH AFFIRMATIVE DEFENSE

10.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of damages in this lawsuit, to the extent Plaintiff alleges violations of the California Fair Housing and Employment Act, which Defendant denies, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine.  Plaintiff never raised a complaint of discrimination during his employment with Defendant.  Plaintiff unreasonably failed to utilize the available preventive and corrective measures, and reasonable use of such preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered. *See, State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 126.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein, alleges any discrimination or failure to accommodate an alleged disability, any recovery is barred in

3

1  that Plaintiff was not a qualified individual with a disability in that she could not perform the essential

2  functions of his position with or without reasonable accommodation.

3  ## TWELFTH AFFIRMATIVE DEFENSE

4       12.    To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein,

5  alleges any discrimination or failure to accommodate an alleged disability, any recovery is barred in

6  that Plaintiff's condition did not constitute a disability within the meaning of the California Fair

7  Housing and Employment Act.

8  ## THIRTEENTH AFFIRMATIVE DEFENSE

9       13.    To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein,

10  alleges any failure to accommodate for an alleged disability, any recovery is barred in that Plaintiff

11  could not be reasonably accommodated due to undue hardship, job-related reasons and business

12  necessities.

13  ## FOURTEENTH AFFIRMATIVE DEFENSE

14       14.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

15  is barred in whole or in part because any failure to engage in and/or the breakdown of the interactive

16  process after it commenced was due to Plaintiff.

17  ## FIFTEENTH AFFIRMATIVE DEFENSE

18       15.    To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein,

19  alleges any discrimination or failure to accommodate an alleged disability, any recovery is barred in

20  that Defendants had no knowledge of the alleged disability and Defendant did not perceive Plaintiff to

21  be disabled.

22  ## SIXTEENTH AFFIRMATIVE DEFENSE

23       16.    Plaintiff's Complaint and each alleged cause of action is barred in whole or in part

24  because Plaintiff is estopped by her own conduct and/or judicially estopped to claim any right to

25  damages or any relief against Defendant.

26  ///

27  ///

28  ///

4

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff is barred from the recovery of punitive damages because the conduct alleged in the Complaint, including but not limited to alleged conduct attributed to Defendant's employees, was not engaged in by managing agents of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Any recovery on Plaintiff's cause of action for violation of public policy is barred because Plaintiff did not engage in any protected activity and there is no nexus between any purportedly protected activity and/or characteristic and Defendant's employment decisions toward Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Any recovery on Plaintiff's cause of action for violation of public policy is barred because the acts complained of within Plaintiff's Complaint do not trigger any fundamental public policy that was based on some statute or constitutional protection, well established at the time of Plaintiff's employment, and inuring to the benefit of the public as a whole rather than Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Relative to Plaintiff's purported cause of action for emotional or physical injury, this Court lacks jurisdiction and any recovery is barred by the exclusivity of remedy therefore under the California Workers' Compensation Act, Labor Code Sections 3200, *et seq.*

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's Complaint fails to set forth any facts which would entitle Plaintiff to an award of attorney's fees on any cause of action contained therein.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff is barred from the recovery of punitive damages because Defendant maintained a bona fide policy against discrimination and retaliation. *See, Kolstad v. American Dental Association* (1999) 527 U.S. 526, 119 S.Ct. 2118; *White v. Ultramar* (1999) 21 Cal.4th 563.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff is not entitled to exemplary and punitive damages as prayed because Plaintiff has failed to raise sufficient allegations of malice, oppression, or fraud, or any such behavior by a managing agent, and has failed to raise sufficient allegations to comply with the requirements of Civil Code Section 3294.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Because the Complaint is couched in conclusory terms and Defendant does not presently know all facts respecting the conduct of Plaintiff sufficient to state all affirmative defenses at this time, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by his Complaint;

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That Plaintiff be denied each and every demand, claim and prayer for relief contained in the Complaint;

4.    That Defendant recover the costs incurred herein, including reasonable attorneys' fees; and

5.    For such other and further relief as the Court deems just and proper.

Dated: August 28, 2017                                          JACKSON LEWIS P.C.


By: _____
                                                                            Henry L. Sanchez
                                                                            Michael A. Wertheim
                                                                            Attorneys for Defendant
                                                                            BIOGEN INC. (also erroneously sued and
                                                                            served as BIOGEN IDEC)

6

DEFENDANT BIOGEN, INC.'S ANSWER TO PLAINTIFF SARA ROODBARI'S COMPLAINT FOR DAMAGES

1

## PROOF OF SERVICE

2

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

3

**CASE NAME:**      **SARA ROODBARI v. BIOGEN IDEC, et al.**

4

**CASE NUMBER:**   **17CV03251**

5

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los
Angeles, California 90017.

6

7

     On August 28, 2017, I served the foregoing document described as:

8

**DEFENDANT BIOGEN, INC.'S ANSWER TO PLAINTIFF
SARA ROODBARI'S COMPLAINT FOR DAMAGES**

9

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

10

Harry W. Harrison
Daniel D. Bodell
HARRISON & BODELL, LLP
11455 El Camino Real, Suite 480
San Diego, CA 92130
Telephone: (858) 461-4699
Facsimile: (858) 461-4703

11

12

13

14

*Attorneys for Plaintiff
SARA ROODBARI*

15

**[X]**     **BY MAIL**

16

     [ ] I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed
with postage thereon fully prepaid.

17

18

     **[X]** As follows: I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that
same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of
business.  I am aware that on motion of the party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after date of deposit for mailing in
affidavit.

19

20

21

**[X]**     **STATE** I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

22

23

     Executed on August 28, 2017 at Los Angeles, California.

24

25

                        JOANNE BOYD

26

27

4817-3075-5917, v. 1

28

**DEFENDANT BIOGEN, INC.'S ANSWER TO PLAINTIFF SARA ROODBARI'S COMPLAINT FOR DAMAGES**